**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES EDWARD SMITH
ADC #103093                                                                                        PLAINTIFF

V.                                         5:10CV00220 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, James Edward Smith, who is in prison at the Ouachita River Unit of the Arkansas Department of Correction, has filed a Substituted Complaint and an Amended Substituted Complaint alleging that Defendant Sergeant McKinney violated his constitutional rights while he was in the Tucker Unit.[1] *See* docket entries #5 and #8. Pursuant the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[2]

---

[1] On August 6, 2010, the Court entered an Order striking Plaintiff's original Complaint from the record because it was filed in violation Fed. R. Civ. P. 8 and 20. *See* docket entry #3. Thus, the Defendants and claims mentioned in the original Complaint are no longer part of this action.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**II. Discussion**

Plaintiff alleges that, on or about February 12, 2010, Defendant McKinney violated his constitutional rights when he seized Plaintiff's legal documents. *See* docket entries #5 and #8. Specifically, Plaintiff alleges that Defendant McKinney seized: (1) three letters from Plaintiff's ex-wife, his ex-wife's Petition for Divorce, and the final Divorce Decree; and (2) numerous documents regarding Plaintiff's 1994 criminal conviction including affidavits, witness statements, trial transcripts, various trial and post-conviction pleadings and rulings, "15 years of legal research," and "drafts of his Petition for a Writ of Habeas Corpus." *See* docket entry #8 at 2. The Court will analyze each of Plaintiff's constitutional claims separately.

**A.     Fourteenth Amendment Property Claim**

According to Plaintiff, Defendant McKinney's seizure of his personal property constitutes a violation of his Fourteenth Amendment property rights. *See* docket entries #5 and #8.

The United States Supreme Court has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984). In this case, Plaintiff has the adequate post-deprivation remedy of filing a claim for compensation with the Arkansas Claims Commission, pursuant to Ark. Code Ann. § 19-10-204(a).

---

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

*See Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion); *McClinton v. Arkansas Dept. Corr.*, Case No. 05-2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Thus, he has failed to state a viable Fourteenth Amendment property claim.

**B.     Fourth Amendment Seizure Claim**

Plaintiff also alleges that the seizure of his personal property constitutes a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. *See* docket entries #5 and #8.

It is well settled that prisoners do not have a legitimate expectation of privacy in their cells. *Hudson v. Palmeri,* 468 U.S. 517, 529-30 (1984); *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion). Thus, the Fourth Amendment prohibition against unreasonable searches and seizures does not apply to prison cells. *Id.* Accordingly, Plaintiff has failed to state a viable Fourth Amendment violation.

**C.     First Amendment Access to the Courts Claim**

Finally, Plaintiff asserts that the seizure of his legal materials constitutes a violation of his First Amendment right to access the courts. *See* docket entries #5 and #8.

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969). However, in order to proceed with an access to the courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a

filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

First, as previously mentioned, Plaintiff alleges that Defendant McKinney seized his *final* Divorce Decree, Petition for Divorce, and three letters from his ex-wife. Plaintiff has not explained how the seizure of these documents actually prejudiced him or prevented him from raising any non frivolous or arguably meritorious claims in his divorce proceeding, which appears to have been concluded before Defendant McKinney allegedly seized his papers.

Plaintiff also alleges that Defendant McKinney's seizure of various documents regarding Plaintiff's 1994 criminal conviction somehow prevented him from filing a Petition for a Writ of Habeas Corpus. However, Plaintiff has not explained: (1) the arguments he intended to raise in his habeas petition; or (2) why he could not have filed a habeas petition, without having physical possession of those documents, and then asked the Court to order the government to produce the entire record of his criminal proceedings and grant him leave to amend his habeas petition, if necessary.

Finally, a state prisoner must file his federal habeas petition within one year of his criminal conviction becoming final. *See* 28 U.S.C. § 2244(d). In this case, Plaintiff's 1994 criminal conviction became final on January 2, 1995, which was ninety days after the Arkansas Supreme Court affirmed his conviction on direct appeal. *See Smith v. State,* 883 S.W.2d 837 (Ark. 1994) (October 3, 1994 decision affirming Plaintiff's criminal conviction on direct appeal); *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir. 2001) (holding that a conviction becomes final, and the one year statute of limitations for filing a habeas petition begins, ninety days after the highest state court affirms a criminal conviction on direct appeal).

The limitations period was statutorily tolled until January 31, 2002, when the Arkansas Supreme Court affirmed the denial of Plaintiff's post-conviction petition. *See Smith v. State*, Case No. CR00-1026, 2002 WL 160303 (Ark. Jan. 31, 2002) (unpublished opinion) (affirming the denial of Plaintiff's post-conviction petition); *Jihad*, 267 F.3d at 805 (holding that the habeas limitations period is statutorily tolled while the prisoner seeks post-conviction relief in state court).

The one-year limitations period expired a year later, on January 31, 2003. Defendant McKinney allegedly seized Plaintiff's legal documents *seven years later*, on or about February 12, 2010. Under these circumstances, Defendant McKinney's alleged actions simply could not have prevented Plaintiff from raising a nonfrivolous and arguably meritorious habeas claim. Accordingly, Plaintiff has failed to state a viable access to the courts claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 28th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE